Judge Mills
delivered the opinion.
The declaration in this case, is on a covenant which stipulated on part of the defendants below, to deliver to the plaintiff in that court, fifty thousand, good, merchantable, pipe staves, with a prooortionate .quantity of beading, or staves in place of the heading, to. wit15,000 staves or two hundred pieces of heading to.eacfi thousand,, of ffee *458 following description : The staves to be five feet long, four *cciles w>de, one and one half inches thick — the heading of the same thickness, and twenty-eight inches long, of good, sound, white oak timber, all of which was to be delivered at Cincinnatti, on or before a given dSy. The breach assigned was in the non-períorroáñce of the foregoing stipulations. The defendants, who were three in number, appeared, and one of them, by a separate plea, setup infancy, ou which issue was joined denying the infancy. They then ali joined in a plea which idfedges that the plaintiff ought not to sustain his action, because they say the said covenant io the declaration was obtained from them by fraud, covin, and misrepresentation. To this plea the plaintiff replied that “ the covenant in the declaration mentioned, was not obtained from said defendants by fraud, covin and misrepresentation of said plaintiff ;” and be tendered an issue to the country, in another joint plea they al! alledge “ that said writing was obtained by fraud practised upon them by the plaintiff in falsely and fraudulently representing that the said slaves and heading mentioned in said writing, might be procured and delivered by the defendants at the price of —;-- dollars per thousand, and that he, the said plaintiff, was in the habit of making contracts far staves of a simitar kind, and that the price aforesaid was the full value of the said staves and heading so delivered, when in fact the plaintiff well knew that the staves and heading could not be procured and delivered bv the defendants at the price aforesaid — that thcr were of a much larger price, to wit : of the price of -dollars.” And the said defendants say, that in consequence of the confidence reposed in the knowledge of the plaintiff, and his said representations, they were induced to execute the said writing ; whereupon said defendants say that said writing in the declaration mentioned is void in law.” To this the plaintiff replied, “that be did not practice a fraud on said defendants in obtaining the writing obligatory in the declaration mentioned,” and after an informal traverse, the replication concludes to the country. The jury found for the defendants, and judgment for them was rendered accordingly. To reverse which this writ of error is prosecuted.
It is assigned for error that these issues are wholly immaterial, and that the finding of them for the defendants did not warrant the judgment. The first issue is, no doubt* *459 proper and materia] ; but as this is only in favor of odp defendant, it could not warrant the judgment of t he court in favor of the whole, especially a judgment which did not quash or abate the writ, hut was a complete bar- Tor altho’ an infant mat join himself in a covenant with and be jointly sued, it does not follow that all ought to be acquitted on the issue being found for him. It has been decided b_v this court, that where a jure had found two defendants on a piea of non cst Jachan, and against two others on other issues, judgment may be giten against them, who were convicted bv the finding. Megowan, &c. vs. M’Crinn, &c.—Fail term, 1821. 3 Marsh. 157.
An infant m* w ⅛ otllPrs ami be joint, “j™" '”n.13" der the plea of infancy, it ,n£j ⅛ other, should be acquitted,
*f''e ven.^e of an article bta,es it l0 be only of a cer-it ;⅜ worth more, tiiisfo caust: f°r Contra - for the vendor ⅛ hound to of the arilcle sold,
If this doctrine be correct in the cast of an issue of non estfaclum, in favor of one or more, the reason is stronger why the same practice should apply to this case than to that. The holder of a writing may be presumed to know whether it is really the deed of ail the obligors, hut he may be, more likely, ignorant that one of them is an infant, until the finding of a juty shall asci rtain it. To turn him round then to another action against the adults, would be multiplying actions when complete justice may be done in the first suit.
This court lias reversed judgments where the issues „ , . . . ,, J ? , . , . , found were immaterial Every judgment ought to be the result in law of the history of fads shewn in the record, If the pleadings of the plaintiff shew him entitled to reco-Vir, the finding of a jury ought to substantiate some fact or facts al¡edged in the pleadings of the defendant, which .shews that tile plaintiff ought not to recover ; judgment ought to be rendered for the plaintiff, an immaterial fact attested by a verdict notwithstanding If the question here rested on the last issue above recited, we should have no difficulty in determining it wholly t rial. It alledges, that the plaintiff below represented a certain price adequate, and that they placing confidence in him, were induced by him to execute the writing. But they have not informed us whether they contracted at the blank price stated in their plea, or at w hat price they did contract, or whether they were ignorant of the just price. It might be, that the price represented as adequate, and the price paid, was very different, Besides, the amount of the whole complaint in the plea, make the most of it, is, that the plaintiff below endeavored to contract as cheap as he could, and on the subject of piice they were as free *460 lojudge fié he, IF every bargain is to be affected Because-the purchaser rtpresented >he quality or price lower ritan" that asked by the vendor, but few would stand The defendants below were the sellers of the articles. They-1 must be presumed1 to know as much about tbe'l.ibor required to prepare them, and the price they'were worth, as-the plaintiff If in this they were mist ! ken, they ongfrf t6 ’ abide by it, unless there liad been- a‘wisrepmeiitatiftti of some fact, or a concealment of some other one,• which' rested in'the knowledge of ihe plaintiff alohe, and which he was bound to represi til truly!
Where an instrument rle elat' d on is in) estched, on tile score of fruu d, the plea should set forth the facts in Which the fraud is supposed to ex-js', or the plea would be bad on demurrer, but if the plai’tff replies he Waives the defec- and permits the &;f ndant to prove any fraud he can
On the first issue tendered by the wliólé'of 'the'defén'-r' (Jants there is more difficulty ; Mot because 'wé conceive there would be any’ difficulty, if the p-ea had heen qu'es*; tinned' by the approptiu e mode of'demurrer; Under such circumsrances we should have no doubt that it was too general, to compel the opposite party to take issue upon it. It 'alledges fraud, covin, and misrepresentation, without1 shewing any taels from which the fraud could be inferred. But, however general ibis plea may be. the plaintiff below chose to waive objection to it and to reply as broad as the plea, thus leaving the defendants at liberty to prove any and every fraud which could affect the instrument declared on. It was competent for the plaintiff to consent to permit the defendants to give any fraud in evidence which could have been pleaded, and by replying to the plea, he virtually did give that assent. A fraud could be committed sufficient to vitiate the writing. It was the duty of the defendants to set forth the facts constituting the fraud ; but the plaintiff has waived the necessity of their doing so, and the jury having found a fraud, tbo’ we cannot tell what, or bow it was perpetrated, yet as it is found, it does not result that the plaintiff ought to have judgment. This matter being found against him, it negatives bis right to recover on the face of the record. This plea does not shew a defence defective in itself, but alledges a good one, defectively stated. As one of the pleas appears to repel the plaintjffY right to recover, and all the issues are found for the defendánts, we cannot disturh the verdict, because the plea is more general than the law allowed the defendants to make it. The plaintiff, by replying, has run the risque of proof to support these general allegations.
On tbe trial the defendants proved that since the making of tbe present contract, the plaintiff had stated that *461 he1 followed, for stmetiwift past^ pvaking. such'contracts ibr a Webnocd/and ibaf a ¡ loss draw five- luodrtc! to a saod didlars would op susiatiied. by any cbnlractung: party complying'-will»-. shell contraer in delirering'sucb quantity ofsiá=es. Afrér this tesWmoiiy the dependants cttVrc-A lo pfOvf ifeai- the plainrff had próséciitf d :to -irialy in another circuit coop!. Sundry suits upon agreements for the dé live* rv of *iaVts; and heading! at Cdnciensii; This- evidence vf»s ⅛⅜⅜(⅛(⅜ vviflvihe professed design of she.viirgth«i"the~Ji' jK-urdiffiJid, ¡ á! ⅛⅜ time of entering into this-contract the ⅛>|⅜⅝;⅛⅛1⅝5 [{-('«•' ilsal ithey coold dot comply'with ¡t^ wd-boW H»c loss aforesaid,' anti that he withheld these fr*td ⅜⅛ difeodaiiis. This; evidence was objected?to but W''sr‘m::tcd by tire court, below; . -
Suits in other -®“ ⅜0 shewíiaud m the suit ^)fenf'r? q.!*«y of may be t'etedon to ⅛*1" ffrauded, but »* must-be
Wide as or.e of the issues may: be, which the parties ba-s e joit ed. we cannot perceive that the evictfcncfe, ofTered, ir the leas!, conduced to prove the {acts attempted-to be isiférred tram if. Nor do we see any connection: between the coitti-ae’s which Had been previously sued upon in the other circuit -chon, and ibis contract. I! is no; pretended they were c.f rtie same character with this, nor are they shfcwo !o he such. It is not shewn that the plaintiffcom-mit!» d any fraud in making these other contracts, and If he had, we see no propriety in admitting other frauds to ii fliu-nce the measure of this contract. 'IV admit such evidence appears like loo strong an appeal to the prejudiv ces of the jury, and an attempt to make them believe that tb> plaintiff w'ss not entitled to justice at all, in any case. Each contract must stand on i(s own circumstances, and the acts of the plaintiff in making and suing on others could nut affect his right in this controversy. It is true that the trial of these formci suits in other courts, might make him acquainted With the price’o¿ slaves ; but if the pnce was fat higher than the price stipulated, it does BOt follow that the defendants, because they contracted at a lower price, were defrauded in’the bargain. Inadequacy of price is a-circumstance that may be made use of as conducing with other evidence to shew that the party selling was defrauded ; but this inadequacy ought to be shewn by good evidence. It is not shewn, or pretended, that the contracts sued on previously affected the price iu the least, or that ever the price was questioned in one of the other suits; The evidence therefore is deemed wholly irrelevant and improper.
Haggin, for plaintiff, Crittenden, for defendant.
The plaintiff offered to give in evidence receipts for mo-ney 9,1 ^ other articles, paid by him to the defendants at the Making of the contract, and they were excluded On the objection of the defendants. The question of payment was'not in issue ; norcouldthemoneypaidformfhecri'e-:-rfon of damages jor the breach of the contrac!. The court, excluded them on'the grounds-that if tiie contract wasfrau-dulent, the plaintiffmust resort to some other remedy to recover these payments, and could not recover them in damages in this action. : But, this was assuming that the contract was fraudulent before the jury had found it to be so. This tVas the.question then on trial ; and as the de-, fendants; relied on inadequacy of price and deception in re-' presenting it, it was cert airily competent for the plaintiff to shew that he had paid a fair price, and the receipts of the defendants was as good evidence, on that subject, as any other.
The judgment must be reversed with costs, the verdict set aside, and the cause be remanded for new proceedings.